*236 OPINION.
MaRquette:
This Board in a number of cases has held that under circumstances such as we have here the forgiveness or cancellation of a debt, in whole or in part, by a creditor does not result in income to the debtor. Meyer Jewelry Co., 3 B. T. A. 1319; Smith Insurance Service, Inc., 9 B. T. A. 284; John F. Campbell Co., 15 B. T. A. 458; and Simmons Gin Co., 16 B. T. A. 793. These cases are not distinguishable in principle from the instant case and we therefore hold that the petitioner realized no income in 1924 as a result of the compromise and reduction of its indebtedness effected by it with its creditors. See also Bowers v. Kerbaugh Empire Co., 271 U. S. 170; United States v. Oregon-Washington Co. (C. C. A., 2d Cir.), 251 Fed. 211; Independent Brewery Co., 4 B. T. A. 870; and New Orleans, Texas & Mexico Ry. Co., 6 B. T. A. 436.
The respondent contends, however, that if the petitioner did not realize income in 1924 directly as a result of the compromise of its indebtedness, the compromise nevertheless represented a reduction of the cost of the goods for which the compromised obligations were incurred, and that the part of the obligation remitted or forgiven by the creditors, to wit, $49,886.75, should be deducted from the cost of the goods purchased in 1923. Assuming, but not deciding, that the amount saved to the petitioner by the compromise should be regarded as a reduction of the cost of the goods for which the obliga *237 tions were incurred, the evidence does not warrant us in making that adjustment in 1923. The parties have stipulated that some of these goods were included in the opening inventory for 1923 as well as in purchases made in that year, and in the closing inventory. To the extent that these goods were in the opening inventory for 1923, they must have been purchased prior to that year, and it would be manifestly unfair and would result in a distortion of income for 1923, to deduct the entire amount of the compromise adjustment fr'om 1923 purchases, and it should be pointed out that if purchases are changed to reflect the compromise, subsequent inventories, so long as any part • of the merchandise remains, must also be changed to reflect the new price. The respondent has raised no issue respecting 1922 and that year is therefore not before us. In the absence of more specific information as to the amount of the goods in question purchased in each of the years 1922 and 1923, also the amount thereof remaining in the closing inventories for the same years, we have no basis for making any adjustment in the petitioner’s income for 1923.

Judgment will be entered under Rule 50.